Matter of Tristian B. (Winston B.) (2022 NY Slip Op 00498)





Matter of Tristian B. (Winston B.)


2022 NY Slip Op 00498


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Kapnick, J.P., Gesmer, González, Kennedy, Shulman, JJ. 


Docket No. NN-28426/18 Appeal No. 15166 Case No. 2020-04546 

[*1]In the Matter of Tristian B., A Child Under Eighteen Years of Age, etc., Winston B., Respondent-Respondent, Administration for Children's Services, Petitioner-Appellant.


Georgia Pestana, Corporation Counsel, New York (Deborah E. Wassel of counsel), for appellant.
Law office of Bruce A. Young, Brooklyn (Bruce A. Young of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the child.



Order, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about October 12, 2020, which, to the extent appealed from, having found that respondent neglected the subject child's three siblings, dismissed the petition alleging neglect or derivative neglect of the child for lack of standing, unanimously reversed, on the law, without costs, the order vacated, and respondent is found to have neglected the subject child.
Petitioner demonstrated by a preponderance of the evidence that respondent was a person legally responsible (PLR) for the subject child, as well as for the child's three older siblings. Respondent and the children's mother were in a romantic relationship and lived together before the child was born, and they both represented to caseworkers that respondent was the child's biological father. There is evidence that, although he was excluded from the home because of an order of protection against him, respondent maintained communication with the mother and slept at the home at least on occasion, sharing the mother's bed. Respondent failed to appear or testify to dispute the evidence that he was the child's biological father or a PLR for him (see Matter of Iscela G. [Lorenzo T.], 193 AD3d 521 [1st Dept 2021]). The fact that respondent was excluded from the household before the child's birth as a result of having committed acts of excessive corporal punishment against the child's eldest sibling does not outweigh the evidence that demonstrates that he is a PLR for the child "(id. at 522). The finding that respondent is a PLR for the child is further supported by his failure to appear in court, "allowing the court to draw a negative inference against him" (id.; see also Matter of Dayquon G., 22 AD3d 431 [1st Dept 2005]).
The record supports a finding that respondent neglected the child, who, like his siblings, was present when respondent committed acts of domestic violence against the mother (see Matter of Iscela G., 193 AD3d at 522; Family Ct Act § 1046[a][i]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022