Matter of N.H. (Abubakar M.) (2026 NY Slip Op 00614)

Matter of N.H. (Abubakar M.)

2026 NY Slip Op 00614

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Docket No. NA-3624/19, NA-19795/18|Appeal No. 5790|Case No. 2024-03697|

[*1]In the Matter of N.H., and another, Children Under Eighteen Years of Age, etc., Abubakar M., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Diana Lawless of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society (Diane Pazar of counsel), attorney for the children.

Order of fact-finding and disposition (one paper), Family Court, New York County (Maria Arias, J.), entered on or about March 27, 2024, which, to the extent appealed from as limited by the briefs, determined, after a hearing, that respondent was a person legally responsible for the subject child N.H., unanimously affirmed, without costs.
A preponderance of the evidence demonstrated that respondent was a person legally responsible for N.H. Respondent did not testify, therefore the court "was entitled to draw the strongest negative inference against him as the opposing evidence would allow" (Matter of N.C.M. [Christian A.], 239 AD3d 475, 476 [1st Dept 2025]). That evidence included the mother's testimony, undisputed by respondent, that he is N.H's biological father, was the mother's fiancÉ and lived with her prior to his arrest, and held himself out as N.H's father (see Matter of Trenasia J.[Frank J.], 25 NY3d 1001, 1006 [2015]; Matter of Yolanda D., 88 NY2d 790, 796 [1996]; Matter of Alisha A. [Nelson V.], 172 AD3d 403, 403-04 [1st Dept 2019]). The fact that respondent was removed from the home before N.H. was born, due to his arrest and prosecution on the charges that gave rise to these petitions, does not outweigh the evidence supporting the finding that respondent is a person legally responsible for the subject child (see Matter of Tristian B. [Winston B.], 201 AD3d 583, 584 [1st Dept 2022]; Matter of Iscela G. [Lorenzo T.], 193 AD3d 521, 522 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026